[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum of Decision Regarding Termination of Parental Rights
On this date, this Court presided over a trial in the matter of In reQuann A. Present in the courtroom were Assistant Attorney General Inez G. counsel for the Department of Children and Families (the Department), Attorney Scott M. counsel for Respondent Father, Robert A. Attorney Lynn D. counsel for the minor child and Kelly White, social worker for the Department of Children and Families.
Neitheir Respondent Mother, Brenda M. nor Respondent Father were present in court for any portion of the proceedings. On a previous date, Respondent Mother had voluntarily consented to the termination of her paternal rights.
The testimony and exhibits that were introduced at this hearing provided the following procedural history. March 10, 1998, the Superior Court for Juvenile Matters entered an order of temporary custody on behalf of Quann A. The primary basis for action were allegations that the child's parents failed to provide appropriate care for the child who was born with significant medical problems. The order was confirmed and the child committed to the custody of the Department of the Children and Families on March 20, 1998. There have been a series of subsequent commitment extensions. The child has been in the same foster home, a pre-adoptive home, since that date.
The Department has filed a petition for Termination of Parental Rights. The bases for the termination are failure to rehabilitate and lack of an ongoing parent — child relationship.
The State introduced the following exhibit:
Exhibit A: Social Study in Support of the Petition for Termination of Parental Rights dated May 2000.
Based on the testimony and documentary evidence presented, this Court makes the following findings:
A. There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to locate Respondent Father.
Although father was appropriately notified of the pending proceedings, he chose not to attend.
B. There is clear and convincing evidence that the Department of Children and Families has made reasonable efforts to reunify the child with his father.
In the present case, the Department made reasonable efforts. However, CT Page 4691 because father has not made himself available to the court, the Department of Children and Families or his counsel, the efforts were not successful. Additionally, by court order dated June 2000, further reunification efforts were not required.
C. There is clear and convincing evidence that for at least one year the following has existed:
 (1) Respondent Father has failed to achieve such degree of personal rehabilitation as would encourage the belief that with a reasonable time he could assume a responsible position in his child's life; and
 (2) The actions of Respondent Father were such that there is no ongoing parent — child relationship.
D. Termination is in the best interests of the child by clear andconvincing evidence.
In arriving at this decision, the court has considered the following factors:
1. The timeliness, nature and extent of services offered or provided to facilitate the reunion of child with parents.
The Department of Children and Families was immediately available for this family, offering services in a variety of areas. Neither parent fully utilized any of these programs.
2. The terms of any applicable court order, and the extent to which the parties have fulfilled their obligations under the order.
Neither parent has ever maintained consistent contact with the court or the Department of Children and Families. Neither sought regular visitation with their child; neither seriously inquired about the welfare of this child. In summary, they have ceased to acknowledge their child's existence. Furthermore, they failed to adhere to any of the court's expectations.
3. Feelings and emotional ties of the child with respect to his parents and any person who exercised physical care, custody and control of the child for at least one year with whom the child has developed significant emotional ties. CT Page 4692
Quann A. was an infant when these proceedings began. He currently is placed together in a therapeutic foster care home. Neither parent has contacted the Department of Children and Families regularly in order to inquire about the welfare of their child. Neither has provided financial support. Neither has offered resources to their child. Neither has acknowledged the special anniversaries or holidays generally considered important by children.
Given this child's significant developmental delays, the child has a strong attachment to his current foster home, where he has security and consistency.
4. Age of the Child
Quann A. is currently three years old.
5. Parents efforts to adjust their circumstances to make it in the best interests of the child to return him to his home in the foreseeable future, including the extent of parental contact or communication with the child's guardian or custodian.
To the knowledge of this court, neither parent has made any effort to accommodate the needs of the child. Indeed, their actions exacerbate the child's emotional and medical problems.
6. Extent to which the parents has been prevented from maintaining a meaningful relationship with the child by unreasonable acts of the child, other parent or other person or economic circumstances.
Neither parent has been prevented from maintaining a meaningful relationship with this child. They merely chose not to exercise this right.
7. Whether the Department of Children and Families has made reasonable efforts to reunite the family pursuant to the federal Child Welfare Act of 1980.
The Department of Children and Families has made every reasonable effort to reunite this family. Unfortunately at the present time, termination of parental rights is in the best interests of the child
The statutory parent for Quann A. shall be the Commissioner of the Department of Children and Families. A case plan must be filed on or before May 4, 2001.
Julia DiCocco Dewey, Judge. CT Page 4693 April 5, 2001